# EXHIBIT C

Case 4:26-cv-01935   Document 1-4   Filed 03/10/26 in TXSD   Page 2 of 11

2/2/2026 10:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110767455
By: Wanda Chambers
Filed: 2/2/2026 10:29 PM

2026-07203 / Court: 125

Cause No. _____

| | | |
|---|---|---|
| **TREON AUSTIN** | § | IN THE DISTRICT COURT OF |
| *PLAINTIFF,* | § | |
| | § | |
| v. | § | ____JUDICIAL DISTRICT |
| | § | |
| **STRIDE INCORPORATED AND/OR** | § | |
| **STRIDE LEARNING INCORPORATED** | § | |
| and **MEDCERTS, LLC,** | § | **HARRIS COUNTY, TEXAS** |
| *DEFENDANTS.* | | |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Treon Austin (Plaintiff"), complaining of Stride Learning Incorporated and/or Stride Learning Incorporated, and MedCerts, LLC. ("Defendants"), and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff affirmatively pleads that she seeks monetary relief of $250,000.00 to $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees and intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Treon Austin, is a resident of the State of Texas. She currently resides in Texas, and has resided there at all times material to this lawsuit.

3. Defendant, Stride Incorporated and/or Stride Learning Incorporated, is a foreign for profit business with its principal place of business located at 11720 Plaza America Drive, 9th Floor, Reston VA 20190. Defendant may be served through its Registered Agent: CT

1

Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

4. Defendant, MedCerts, is a foreign for profit business with its principal place of business located at 11720 Plaza America Drive, 9th Floor, Reston VA 20190. Defendant may be served through its Registered Agent: CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## MISNOMER/ALTER EGO

5. In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer", an/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Plaintiff reserves all rights under TRCP 28 to substitute the true name, assumed name, and/or common name of any Defendant upon Plaintiffs' or the Court's motion.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has jurisdiction over the parties because the employment practices involved in this dispute occurred in Harris County, Texas, and thus the venue is proper.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a charge of discrimination against the defendants with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC dated December 09, 2025. A copy of the notice of the right to sue is attached as "Exhibit A".

## FACTS

9. Plaintiff is a 32 year-old African-American female.

10. On November 07, 2022, Plaintiff was employed as a Student Success Advisor with Defendants. Plaintiff was an exemplary employee, who had never received any written or oral reprimands.

11. On April 14, 2025, Plaintiff communicated with Defendant Manager, Trenatee Soloman, via Microsoft Teams regarding an urgent student issue that Plaintiff had initially raised the week prior. A student had contacted Defendant's office after inadvertently falling behind on her payments, which resulted in her losing access to the course materials she needed to study for her certification exam. In response, Plaintiff reached out to Defendant Manager Soloman to confirm the amount the student needed to pay to bring her account out of default. Defendant Manager Soloman first responded via Teams with an amount of $700.00 (upon information and belief), but immediately followed up with a phone call stating that the actual amount due was $350.00 (upon information and belief). Plaintiff Austin relayed this updated information to the student.

12. However, on April 14, 2025, the student called again and reported that she had paid the amount communicated but still did not have access to her course materials. Plaintiff Austin contacted Defendant Manager Soloman for clarification, and she stated that the student would need to complete additional steps to restore her account to good standing. This new information directly contradicted the instructions she had provided the previous week. Upon information and belief, all calls Plaintiff made with the student are recorded by Defendants.

13. On April 15, 2025, Plaintiff participated in a meeting with Defendant Manager Soloman regarding the ongoing student incident, which had escalated the previous day. During this meeting, Defendant Manager Soloman became hostile and confrontational when Plaintiff sought clarification about the conflicting information she had provided to the student—none of

3

which enabled the student to regain access to her course materials. The meeting was unproductive and left several concerns unresolved.

14. Following the meeting, Plaintiff contacted her former manager—and Defendant Manager Soloman's current supervisor—Keyona Casby to make a formal report about the hostile environment created by Defendant Manager Soloman. Later that same day, Supervisor Casby followed up with Plaintiff regarding her complaint, and Defendant Manager Soloman also sent a written follow-up email. Several email exchanges occurred that day concerning the incident.

15. On April 16, 2025, Manager Soloman abruptly went on leave and informed the team that she would not return until May 2, 2025. On May 7, 2025, Plaintiff received her performance review for the July–December 2025 period. Unlike other similarly situated employees who had not filed previous complaints against Defendants' supervisors and/or management, Plaintiff's review only covered the months of October through December 2025 and failed to account for Plaintiff's full performance period. The review was prepared by Defendant Manager Soloman and was inaccurate, incomplete, and inconsistent with Plaintiff's documented work history.

16. On or about May 8 or May 9, 2025, Plaintiff contacted Supervisor Casby again and informed her how deeply concerned Plaintiff was about the review completed by Defendant Manager Soloman. Plaintiff forwarded the relevant email communications for context and advised Defendants Supervisor Casby that Plaintiff intended to reach out to HR to file a retaliation complaint against Defendant Manager Soloman. On the same day, Plaintiff emailed HR (People Operations) requesting assistance, as the issues with Defendant Manager Soloman had created an increasingly hostile and harassing work environment and remained unresolved.

4

17. On May 12, 2025, Plaintiff met with HR (specifically, Gwen (last name unknown), with Jessica (last name unknown) also present) to explain her concerns regarding the discrimination and retaliation Plaintiff faced at the hands of Defendant Manager Soloman as a result of Plaintiff's formal complaint against her to Defendant Supervisor Casby.

18. On May 14, 2025, Plaintiff had a one-on-one meeting with Defendant Manager Soloman. Toward the end of the meeting, Plaintiff asked whether Defendant Manager planned to respond to Plaintiff's previous email because several issues remained unresolved. Defendant Manager Soloman admitted that she did not originally intend to respond, but she had been instructed that she needed to. She said she was waiting on guidance regarding how to respond and that Plaintiff should receive a reply by the end of the week.

19. On May 16, 2025, Plaintiff received Defendant Manager Soloman's first written response to the unresolved concerns since her return from leave – that were initially asserted by Plaintiff on April 16, 2025. The response was inadequate and did not address the issues Plaintiff previously raised.

20. On May 19, 2025, HR held another meeting with Plaintiff, Gwen (last name unknown), and Defendant Manager Soloman. During this meeting, Plaintiff again attempted to address the ongoing issues and clarify the inaccuracies in Plaintiff's performance review.

21. On May 22, 2025, Plaintiff received a call from HR and a senior leader named Mark (last name unknown). Suspiciously, Defendant HR Manager Mark informed Plaintiff that she was being "laid off" without providing a legitimate, non-discriminatory reason.

5

22. Given the close proximity of Plaintiff's complaint and subsequent termination —occurring only days after Plaintiff made multiple HR complaints and after Plaintiff challenged the inaccurate performance review completed by Defendant Manager Soloman—Plaintiff contends that her termination was retaliatory. Of note, other similarly situated employees in Plaintiff's position were unaffected by what Defendant attempted to deem as a "day off".

Plaintiff's termination occurred:

- 10 days after Plaintiff's first HR complaint
- 8 days after Plaintiff's written complaint to HR
- 3 days after the joint HR/manager meeting
- 1 day after Plaintiff's manager finally responded to her complaint

The timing strongly indicates retaliation for Plaintiff's protected activity, including reporting improper conduct, challenging inaccurate performance documentation, and seeking HR intervention.

## TCHRA -- RETALIATION

23. Adverse employment action against employees based on employee's participation in protected conduct is actionable under the Texas Commission on Human Rights (TCHRA). Tex. Labor Code Ann. § 21.055. An employer may not fire, demote, harass, or otherwise retaliate against an individual for submitting a complaint of discrimination, participating in a discrimination proceeding, or otherwise opposing discrimination.

24. The sufficient conditions for complaint against retaliation are that (1) the employee engaged in a protected activity; (2) the employer took adverse action; and (3) there was a direct connection between the protected activity and the adverse action.

25. Plaintiff, as an employee of Stride Incorporated and/or Stride Learning Incorporated and MedCerts, engaged in protected activity by making a complaint of discriminatory employment practices against her supervisor.

26. Defendants took adverse action by terminating Plaintiff after she made the complaint.

### ATTORNEYS' FEES

27. DEFENDANTS conduct has made it necessary for Ms. Austin to employ the undersigned attorney to file this lawsuit. Accordingly, Ms. Austin seeks reasonable attorneys' fees, expert fees, and costs for the services rendered and to be rendered pursuant to the TCHRA through trial and in the event of subsequent appeals.

### NOTICE OF USE

28. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that Plaintiff intends to use all documents produced by Defendants in response to written discovery in pretrial proceedings and trial. Defendants are required to assert any objection to the authenticity of any document Plaintiff produces within ten days of its production.

### REQUEST FOR DEPOSITION DATES

29. Pursuant to Rule 199 of the Texas Rules of Civil Procedure, Plaintiff's request that each and every Defendant discloses, within thirty (30) days of service of this request, dates that Defendants are available for Plaintiff to take Defendant's deposition.

### REQUEST FOR DISCLOSURE

30. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose, the information and material described in Rule 194.2 within

thirty (30) days after the filing of the first answer or general appearance, the information and material described in Rule 194.2.

## STATEMENT REGARDING MONETARY RELIEF SOUGHT

31. Under the Texas Rules of Civil Procedure 47(c), Plaintiffs seek monetary relief over $250,000.00 but less than $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## DESIGNATED E-SERVICE EMAIL ADDRESS

32. The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: litigation@audiajones.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and that upon trial of this cause, have judgment against Defendants for:

(1) All reasonable damages;

(2) Lost earnings and employee benefits in the past;

(3) Lost earnings and employee benefits that in reasonable probability will be lost in the future;

(4) Compensatory damages, past and future (which may include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

8

non-pecuniary losses);

(5) Exemplary damages;

(6) Pre-judgment and post-judgment interest at the maximum amount allowed by law;

(7) Costs of suit;

(8) Attorney's Fees;

(9) The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully Submitted,

LAW OFFICE OF AUDIA JONES, P.C.

/s/ AUDIA JONES
_____
**AUDIA JONES**
Texas Bar No. 24066433
2450 Louisiana Street, Suite 400, Box 506
Houston, Texas  77006
Telephone:    713.714.6519
Facsimile:    832.764.7971
litigation@audiajones.com
**Attorney for Treon Austin**

*E-Service Email: litigation@audiajones.com
*E-Service is only accepted at the above designated email address.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**
**DATE FILED: 02.02.26**

9

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Audia Jones
Bar No. 24066433
audia@audiajones.com
Envelope ID: 110767455
Filing Code Description: Petition
Filing Description: Plaintiff Original Petition and Request For Disclosures
Status as of 2/3/2026 10:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Silvia Castillo | | litigation@audiajones.com | 2/2/2026 10:29:39 PM | SENT |
| Diana Banos | | diana@audiajones.com | 2/2/2026 10:29:39 PM | SENT |
| Audia Jones | | audia@audiajones.com | 2/2/2026 10:29:39 PM | SENT |